CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED
2/7/2020
JULIA C. DUDLEY, CLERK
BY: s/ J. Vasquez
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| DALE GENE HALL and REBECCA LIND THOMPSON-HALL, ) ) ) | |
| Appellants, ) | Civil Action No. 5:18-cv-00106 |
| ) | |
| v. ) | |
| ) | By: Elizabeth K. Dillon |
| JP MORGAN CHASE BANK, N.A., ) | United States District Judge |
| ) | |
| Appellee. ) | |

ON APPEAL FROM
THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION
Case No. BK 12-51245

**MEMORANDUM OPINION**

This matter is before the court on appeal from an order of the United States Bankruptcy Court for the Western District of Virginia dated July 24, 2018, denying Dale Gene Hall and Rebecca Lind Thompson-Hall's motions for an injunction and for contempt and sanctions against JP Morgan Chase Bank, N.A. (Chase) for violating the bankruptcy court's discharge order and the injunction of 11 U.S.C. § 524(a). For the reasons set forth below, the court will affirm the bankruptcy court's decision.

I. BACKGROUND

The facts of this case are not disputed. In 2010, the Halls purchased a house in Augusta County, Virginia, as tenants by the entirety. However, only Mr. Hall signed the note and deed of

trust purporting to encumber the property.[1]  Mrs. Hall did not sign either document.  On September 20, 2012, the Halls filed a joint Chapter 7 bankruptcy.  They received their discharge on December 18, 2012.

On July 6, 2015, Chase filed a complaint in the Augusta County Circuit Court asserting that the deed of trust signed by Mr. Hall was valid or, alternatively, that the state court could reform the deed of trust to make it valid.  In response, the Halls filed a motion to reopen their bankruptcy case and sought sanctions against Chase for violating the bankruptcy court's discharge injunction.  The bankruptcy court granted a temporary injunction blocking the state-court action until the bankruptcy court could resolve the Halls' motion.  It acknowledged that a key issue in the decision whether to enjoin Chase's state-court action permanently or impose sanctions was whether Chase had a valid deed of trust or lien against the Halls' property.  Therefore, it modified its temporary injunction to allow the state court to consider whether Chase's deed of trust was valid as to the Halls' property.  Importantly, it also held that if the state court found that Chase had any *in rem* rights to the property, the Halls' discharge did not affect those rights.  *See* 11 U.S.C. § 522(c); *Johnson v. Home State Bank*, 501 U.S. 78, 84 (1991) ("[S]uch a discharge extinguishes *only* 'the personal liability of the debtor.'  Codifying the rule of *Long v. Bullard*, 117 U.S. 617, 6 S. Ct. 917, 29 L.Ed. 1004 (1886), the Code provides that a creditor's right to foreclose on the mortgage survives or passes through the bankruptcy." (citation omitted)).

On June 10, 2016, the state court held that the deed of trust was invalid and unenforceable because, although the property was owned as tenants by the entirety, only Mr. Hall signed the deed of trust and note.  Notably, however, it framed the issue as "whether Chase's Deed of Trust at this time constitutes a valid and enforceable lien against the real property at issue by encumbering the

---

[1] Chase was not the original lender but later acquired the rights to the deed of trust.  For the purposes of this appeal, it is not important how or when Chase obtained rights under the deed of trust.

interests of Mr. and Mrs. Hall." (Dkt. No. 2, at 223–24.) The state court later held that the deed of trust also could not be reformed.

Several months later, on October 20, 2016, the Halls obtained a divorce. At that time, by operation of law, the Debtors no longer held a tenants by the entirety interest in the property and instead acquired interests as tenants in common. *See Hausman v. Hausman*, 353 S.E.2d 710, 710 (Va. 1987) ("Upon entry of the divorce decree, the tenancy by the entirety was extinguished and 'thereupon . . . converted into a tenancy in common.'" (citations omitted)). Based on this change of ownership, on November 16, 2017, Chase again filed a complaint in the Augusta County Circuit Court against Mr. Hall, this time seeking foreclosure of Mr. Hall's interest in the property and partition by sale of the property. Chase asserts that its deed of trust is valid as to Mr. Hall's interest in the property based on the after-acquired property provision of the Virginia Code. Va. Code § 55-52[2]; *Hausman*, 353 S.E.2d at 711.

After Chase filed its complaint, the Halls again filed a motion to reopen their bankruptcy case and sought to enjoin Chase from proceeding in state court and hold Chase in contempt of the bankruptcy court's discharge order. The bankruptcy court denied the Halls' motion,[3] and the Halls now appeal the bankruptcy court's decision.

---

[2] Virginia Code § 55-52 was repealed on October 1, 2019, but was in effect through the date the bankruptcy court issued the order currently on appeal. The same language now appears in § 55.1-310:

> When a deed purports to convey property, real or personal, describing it with reasonable certainty, that the grantor does not own at the time of the execution of the deed, but subsequently acquires, such deed shall, as between the parties, have the same effect as if the title that the grantor subsequently acquires were vested in him at the time of the execution of such deed and thereby conveyed.

In *Deutsche Bank Nat. Trust Co. v. Arrington*, 772 S.E.2d 571 (Va. 2015), the Supreme Court of Virginia acknowledged that a deed of trust is a "deed" for the purposes of § 55-52.

[3] Although the Halls raised several issues in the bankruptcy court, many involved interpretation of the state court's opinion as to the validity of Chase's deed of trust. As discussed below, the bankruptcy court correctly declined to resolve that issue. Instead, the bankruptcy court focused on whether the Halls' bankruptcy affected Chase's deed of trust. The court ultimately found that the deed of trust was not voided automatically by § 506(d) or by any action taken by the Halls during their bankruptcy case. The Halls have not argued that the bankruptcy court erred in holding that § 506(d) did not affect Chase's deed of trust.

3

## II. DISCUSSION

### A. Standard of Review

In general, the standard of review of a bankruptcy appeal in district court is the same standard used when an appellate court reviews a district court proceeding. *See* 28 U.S.C. § 158(c)(2) (providing that a bankruptcy appeal "shall be taken in the same manner as appeals in civil proceedings generally are taken to the courts of appeals from the district courts"). The district court reviews the bankruptcy judge's findings of fact under the "clear error" standard. *In re Taneja*, 743 F.3d 423, 429 (4th Cir. 2014). In contrast, the bankruptcy court's conclusions of law are subject to de novo review. *Id.* The district court "may affirm, modify, or reverse a bankruptcy court's judgment, order, or decree or remand with instructions for further proceedings." *Harman v. Levin*, 772 F.2d 1150, 1153 n.3 (4th Cir. 1985).

### B. Analysis

Section 524(a) of the Bankruptcy Code provides:

> (a) A discharge in a case under this title—
> (1) voids any judgment at any time obtained, to the extent that such judgment is a determination of the personal liability of the debtor with respect to any debt discharged under section 727 . . . whether or not discharge of such debt is waived; [and]
> (2) operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived[.][4]

11 U.S.C. § 524(a). "The purpose of the permanent injunction set forth in § 524 and reiterated in the discharge order is to effectuate one of the primary purposes of the Bankruptcy Code, to afford

---

[4] Section 524(a)(3) enjoins actions to collect from community property and therefore does not apply to this case. That said, in the Halls' brief and oral argument to the bankruptcy court, they argued that "community property" included jointly held property. However, they cited only to two cases, both of which merely made passing mentions of jointly held property in dicta. *See In re Osbourne*, 156 B.R. 188 (Bankr. W.D. Va. 1993); *Leasing Serv. Corp. v. Justice*, 416 S.E.2d 439 (Va. 1992). Regardless, the Halls have not raised this issue on appeal.

4

the debtor a financial fresh start." *Rountree v. Nunnery (In re Rountree)*, 448 B.R. 389, 401 (Bankr. E.D. Va. 2011) (quoting *Cherry v. Arendall (In re Cherry)*, 247 B.R. 176, 181–82 (Bankr. E.D. Va. 2000)). Accordingly, when a creditor "attempts to collect a pre-petition discharged debt in violation of the discharge injunction," the creditor is in contempt of the bankruptcy court's order of discharge. *Eady v. Bankr. Receivables Mgmt. (In re Eady)*, No. SC-08-1112-MoJuKw, 2008 WL 8444808, at *4 (B.A.P. 9th Cir. Nov. 18, 2008); *see also Fina v. Fina*, 550 F. App'x 150, 154 (4th Cir. 2014) ("Section 105 authorizes a bankruptcy court to hold a party in civil contempt for violating an order of the court, including a discharge order.").

At first glance, the plain language of § 524(a) does not bar Chase from pursuing its state-court action—Chase does not seek to enforce a judgment against the Halls, nor does it attempt to collect a personal liability of the Halls. Rather, it seeks only to enforce its *in rem* rights, if any. The Halls, however, argue that Chase's deed of trust is void and, consequently, its state-court action is an impermissible attempt to collect from the Halls personally. (Appellant's Br. 13, Dkt. No. 7 ("Without a valid lien, an *in rem* case in state court is nothing more than an attempt to collect an unsecured discharged debt, and filing such a case is a violation of both a discharge order and 11 U.S.C. [§] 524(a).").) The Halls primarily argue that that the state court declared Chase's deed of trust void in 2016 such that it cannot now be valid. They also point out that even if the deed of trust was valid at the time the Halls filed bankruptcy, it did not attach to Mr. Hall's interest until years after the Halls received their discharge. Arguing that the bankruptcy code treats deeds of trust like judgments, they assert that § 524(a)(1) voided the deed of trust like it would void an unattached judgment lien.[5]

---

[5] The Halls also argue for the first time on appeal that § 552(a) prevents Chase's deed of trust from attaching to Mr. Hall's after-acquired tenant-in-common interest in the property. In the Fourth Circuit, "issues raised for the first time on appeal generally will not be considered." *Muth v. United States*, 1 F.3d 246, 250 (4th Cir. 1993). "[I]n very limited circumstances [courts] may consider such an issue if the error is 'plain' and our refusal to consider it would result in a miscarriage of justice." *Nat'l Wildlife Fed'n v. Hanson*, 859 F.2d 313, 318 (4th Cir. 1988); *see also Maynard v. Gen. Elec. Co.*, 486 F.2d 538, 540 (4th Cir. 1973) ("[A]ny theory 'plainly encompassed by the pleadings

### 1. The state court's declaratory judgment opinion

The Halls point out that in 2015 the bankruptcy court stated that if Chase's deed of trust was invalid at the time the Halls filed bankruptcy, Chase would have no *in rem* rights to pursue. Then, in its 2016 opinion, the state court held that Chase's deed of trust was invalid as to the Halls' property owned as tenants by the entirety. The proper interpretation of that opinion—whether the state court declared the deed of trust void *ab initio* or void only as to the Halls' property held as tenants by the entirety—is at the crux of the parties' underlying dispute and presents a threshold issue for the state court in Chase's current action. The bankruptcy court declined to entangle itself in that dispute, acknowledging that the state court is in the best position to interpret its own opinion. Nonetheless, that issue has been the Halls' focus on appeal, as their motion is predicated upon the invalidity of Chase's deed of trust.[6]

In the Halls' eyes, the state court in 2016 declared that Chase's deed of trust was void *ab initio*. Based on that opinion, in conjunction with the bankruptcy court's 2015 order, the Halls argue that Chase does not have any *in rem* rights under its deed of trust and, therefore, cannot pursue its state court action without violating the bankruptcy court's discharge order. In effect, the Halls contend that the bankruptcy court erred by failing to abide by its own order. However, the Halls' argument greatly over simplifies the process that has unfolded from the time of their discharge to the instant appeal and ignores any possible alternative interpretation of the state court's order.

---

and . . . clearly a discernible circumstance from the record before the court' should be considered on appeal." (internal quotations omitted) (quoting *Semaan v. Mumford*, 335 F.2d 704, 706 n.7 (D.C. Cir. 1964))). The Halls have not identified any plain error or resulting miscarriage of justice in the bankruptcy court's order. Accordingly, the court will not consider § 552's effect on Chase's deed of trust.

[6] The Halls state that the issue on appeal is "[c]an a Deed of Trust which was invalid and unenforceable when a bankruptcy petition was filed survive bankruptcy and become valid and enforceable 4 years later?" (Appellants' Br. 2, Dkt. No. 7.)

By comparison, Chase has taken the position that the state court declared its deed of trust void only as to property held by the Halls as tenants by the entirety. Stated differently, Chase concedes that the deed of trust was invalid as to the Halls' entireties property but argues the state court made no decision as to whether Chase's deed of trust was valid as to Mr. Hall's after-acquired interest in the property. Under its theory, the deed of trust survived the Halls' discharge and attached to Mr. Hall's after-acquired tenant-in-common interest in the property once the Halls obtained their divorce.

Chase's position finds support both in the Virginia Code and in the language employed by the state court in its opinion. The existence of Virginia's after-acquired property law, Virginia Code § 55-52, suggests that a deed of trust that does not attach to property when recorded may nonetheless remain valid and attach when the would-be grantor later obtains rights to the subject property. Additionally, the state court limited its holding, defining the issue before it as "whether Chase's Deed of Trust *at this time* constitutes a valid and enforceable lien against the real property."[7] (Dkt. No. 2, at 223–24 (emphasis added).) This is not to say that Chase's position is necessarily correct, only that the interpretation of the state court's order is not as obvious as the Halls suggest.

---

[7] This language from the state court's opinion is quoted from the bankruptcy court's 2015 order. At oral argument, the Halls argued that the phrase "at this time" referred to the bankruptcy court's discussion of the "critical time—when the debtors filed their petition for relief under chapter 7." (Dkt. No. 2, at 220.) This is simply unsupported by the bankruptcy court's order. For example, the bankruptcy court noted it was proper to allow the state court "to determine whether at this time Chase *holds* a valid lien." (*Id.* at 221.) The court's use of "holds" instead of "held" suggests it did not refer to the date of filing in 2012, but to the date of the bankruptcy court's order in 2015. Moreover, the bankruptcy court's disposition makes no reference to the date of filing:

> The Court's Temporary Order of Injunction is modified to allow the Augusta County Circuit Court to hear the pending declaratory judgment action . . . for the sole purpose of: determining whether Chase's Deed of Trust at this time constitutes a valid and enforceable lien against the real property at issue by encumbering the interests of Mr. and Mrs. Hall.

(*Id.* (citations omitted)) Based on its denial of the Halls' current motion in the proceedings below, the bankruptcy court apparently agrees with this limited interpretation of its 2015 order.

Accordingly, the bankruptcy court correctly reserved for the state court the issue of whether Chase holds a valid deed of trust under state law as to Mr. Hall's interest in the property. (Dkt. No. 1-2, at 4 ("Whether the lien was or is unenforceable or invalid is a question of non-bankruptcy law best decided by the state court.").) If the state court decides that Chase's lien was void *ab initio*, Chase may no longer assert an *in rem* interest in the property, and the discharge protections of 11 U.S.C. § 524(a) would enjoin it from attempting to collect on its debt from the Halls personally. On the other hand, if the state court decides that Chase's deed of trust was invalid only as to the Halls' entireties property but remained valid as to Mr. Hall's individual interest in the property, then Chase may pursue its *in rem* rights in state court. In either case, the state court's decision will be no more than a determination of Chase's *in rem* rights and will have no impact on the Halls' personal liability.

Thus, Chase is free to pursue its *in rem* rights under the deed of trust, including by seeking foreclosure of Mr. Hall's interest in the property and partition by sale of the property.[8] *See Johnson*, 501 U.S. at 84 ("[A] bankruptcy discharge extinguishes only one mode of enforcing a claim—namely, an action against the debtor *in personam*—while leaving intact another—namely, an action against the debtor *in rem*."); *Lovegrove v. Ocwen Home Loans Servicing, L.L.C.*, 666 F. App'x 308, 312 n.6 (4th Cir. 2016) ("[F]oreclosure is an in rem action that survives a bankruptcy discharge."); *In re Robinson*, No. A09-00488-HAR, 2011 WL 5025208, at *3 (Bankr. D. Alaska July 11, 2011) ("A partition proceeding is analogous to a proceeding in rem.").

**C. The Halls' Bankruptcy Did Not Affect Chase's Deed of Trust**

Alternatively, the Halls argued in the bankruptcy court that even if Chase's deed of trust was valid before filing bankruptcy, the Halls' bankruptcy had the effect of voiding that deed of trust.

---

[8] To be clear, continued efforts to enforce an invalid deed of trust could harass debtors and render ineffective the "fresh start" bankruptcy affords debtors. Such action may very well violate the discharge injunction. But because the validity of Chase's deed of trust is in question, that is not the case here.

Consequently, they explain, Chase's continued effort to foreclose on the property violates the bankruptcy court's discharge order. While the Halls' original motion asserted several theories in support of their argument, they raise only one of those arguments on appeal—that the bankruptcy code treats deeds of trust like judgment liens. In its order, the bankruptcy court found, like it did in 2015, that no action taken during the Halls' bankruptcy invalidated Chase's deed of trust. This court agrees and will therefore affirm the bankruptcy court's order.

The Halls argue that the court should treat Chase's deed of trust like a judgment lien because, like a judgment lien, "Virginia law permits a deed of trust to be recorded even when it does not attach to real estate when filed . . . ." (Appellant's Reply 3, Dkt. No. 13.) If a creditor dockets a judgment, but the judgment lien does not attach to any property before the debtor obtains a discharge in bankruptcy, the judgment is voided pursuant to § 524(a)(1). *See Birney v. Smith (In re Birney)*, 200 F.3d 225 (4th Cir. 1999) (holding that the automatic stay prevented a creditor's judgment lien from attaching to the debtor's newly acquired property interest during the debtor's bankruptcy case, and that the injunction of § 524(a) voided the underlying judgment once the debtor received his discharge). For the same reason, the Halls suggest that even if Chase's deed of trust was valid, it had not attached to the property when the Halls filed bankruptcy and therefore became void after they received their discharge. While they make an interesting comparison, the Halls have identified no authority that supports their position.

Importantly, there is a considerable distinction between most judgment liens and deeds of trust. While a judgment lien is involuntary, a deed of trust creates a consensual security interest. *See Flowers v. FirstPlus Fin., Inc.*, No. 98-11492-SSM, 98-1249, 1999 WL 118022, at *2 n.8 (Bankr. E.D. Va. Jan. 14, 1999). Thus, although the deed of trust in this case had not yet attached at the time the Halls filed bankruptcy, it nonetheless represented a consensual agreement between Mr. Hall and his original lender that Mr. Hall's interest in the property would secure the lender's debt.

9

Notably, the bankruptcy code also distinguishes between a "judicial lien," defined as a "lien obtained by judgment, levy, sequestration, or other legal or equitable process or proceeding," and a "security interest," defined as a "lien created by an agreement." 11 U.S.C. §§ 101(36), 101(51). Thus, use of the term "judgment" in § 524(a)(1) indicates that § 524 is limited only to that specific type of judicial lien and does not apply to security interests like deeds of trust. Considering this distinction, the court disagrees with the Halls' contention that § 524(a)(1) was intended to apply equally to deeds of trust and judgments.

### III.  CONCLUSION

For the reasons set forth above, the bankruptcy court's order denying the Halls' motions for an injunction and for contempt and sanctions will be affirmed. An appropriate order will follow.

Entered: February 7, 2020.

*/s/ Elizabeth K. Dillon*
Elizabeth K. Dillon
United States District Judge